IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW DARDEN, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-4054 |
| : | |
| MARIROSA LAMAS, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                            JANUARY 5, 2023

      Plaintiff Matthew Darden, an inmate currently housed at SCI Chester, ("SCIC"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, based on the medical care he received at SCIC. Named as Defendants are: (1) prison officials Marirosa Lamas, Kenneth M. Eason, and Gina Clark; and (2) prison healthcare providers Ms. Shirley Laws-Smith, Nurse Alicia Ross, Dr. Paul Little, Benjamin Robinson, Nurse Skinner, and Nurse Michewl. (*Id.* at 2-4.) Currently before the Court are Darden's Complaint (ECF No. 1), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 10), his Prisoner Trust Fund Account Statement (ECF No. 9), a Motion to Appoint Counsel (ECF No. 4), and a Motion to Note Testimony (ECF No. 5). For the following reasons, the Court will grant Darden leave to proceed *in forma pauperis*, dismiss his federal claims without prejudice to amendment pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss his state law claims for lack of subject matter jurisdiction, and deny without prejudice his Motions to Appoint Counsel and Note Testimony.

**I.      FACTUAL ALLEGATIONS**[1]

Darden alleges he has suffered from severe right knee pain while housed at SCIC. (Compl. at 2-3.) After his condition was "identified as bone-on-bone arthritis," Darden received physical therapy at SCI Laurel Hill between April and August of 2019.[2] (*Id.* at 3.) Darden claims that Dr. Little "and the rest of the medical staff" agreed that "I need medical surgery to fix my issue." (*Id.*) Darden alleges that, as of January 2021, he had not been evaluated by an orthopedic doctor, undergone surgery, or received the necessary treatment for his condition. (*Id.*) He further contends that compensating for his right leg pain led to problems with his left knee and hip, which now require surgery as well. (*Id.*) As a result, Darden claims that his physical condition has deteriorated to the point that he requires a wheelchair because he cannot weight bear on either knee, or "stand up straight." (*Id.*)

Darden seeks $1.3 million to compensate for the pain and suffering caused by the failure to provide timely and appropriate medical treatment. (Compl. at 5.) He also seeks as injunctive relief to be seen by an orthopedic surgeon, to "have [his] surgery, and to be taken for the "proper rehab at a prescribed facility." (*Id.*)

---

[1] The allegations set forth in this Memorandum are taken from Darden's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The Complaint refers to Darden's history of physical ailments from 2017 to the present. (Compl. at 2.) To the extent a portion of this time period may fall outside the applicable statute of limitations period, the Court construes the factual allegations as providing background information for Darden's timely claims.

2

## II.    STANDARD OF REVIEW

The Court grants Darden leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Darden is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'*pro se*

---

[3]  Because Darden is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that " an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (" The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

**III.   DISCUSSION**

Darden alleges violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

### A. Claims for Deliberate Indifference to Serious Medical Needs Under § 1983

Darden alleges that Defendants' failure to provide necessary medical treatment for his knee and hip pain resulted in his confinement to a wheelchair and caused him to suffer pain. (Compl. at 3.)  To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (stating deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.") (internal citations and quotations omitted).  Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.*  Allegations of medical malpractice and mere

disagreement regarding proper medical treatment, however, are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).[4]  Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference."  *Id.* at 236.

Darden has not stated a plausible constitutional claim for deliberate indifference to a serious medical need.  His allegations are undeveloped since Darden has not provided any specific factual details that any named Defendant knew he needed medical treatment *and* intentionally refused, delayed, or prevented him from receiving that treatment.  *See Rode*, 845 F.2d at 1207 (stating that the personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence.").  Although Darden asserts that "Doctor Paul Little, M.D. and the rest of the medical staff at S.C.I Chester [were] all in agreement that [he] need[s] medical surgery to fix [his] issue," this allegation alone is insufficient to allege a plausible claim of deliberate indifference since there are no specific allegations that any named Defendant, including Little, deliberately denied, delayed, or refused to provide care to Darden.  Moreover, although the Complaint identifies

---

[4]  The Complaint includes allegations of medical neglect and malpractice as well as "gross negligence." (Compl. at 3-6).  Such claims do not rise to the level of a constitutional violation, and thus, are not actionable under § 1983.  *See Daniels v. Williams,* 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"); *Elansari v. Ramirez*, No. 20-896, 2021 WL 735750, at *3 (E.D. Pa. Feb. 25, 2021) (claims arising under state law, such as gross negligence, are not federal rights that may be enforced under Section 1983.); *see also Estelle v. Gamble*, 429 U.S. 97, 105-06, (1976) (allegations of negligent treatment or medical malpractice do not trigger constitutional protections.).

Defendants Lamas, Eason, Laws-Smith, Ross, Robinson, Skinner,[5] Michewl, and Clark in the caption, Darden never mentions these Defendants in the body of the Complaint and fails to allege how they were involved in an alleged constitutional violation. *See Tolentino v. Smucker*, 855 F. App'x 822, 824 (3d Cir. 2021) (*per curiam*) (affirming dismissal of deliberate indifference claim against hospital administrator because plaintiff alleged no factual allegations against him) (citing *Iqbal*, 556 U.S. at 678).[6]

---

[5] Darden makes passing reference to Defendant Skinner poking him in the eye and a conclusory allegation that she abuses patients. (Compl. at 3, 6.) The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992). When screening an Eighth Amendment excessive force claim under § 1915, the Court asks whether the prisoner has alleged plausibly that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Jackson v. Bueno*, No. 20-0687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7). The factors used to determine whether the force applied was excessive include: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Darden's use of force claim against Defendant Skinner is undeveloped as he does not provide the necessary "who, what, where, when, and why" to "nudge" any use of force claims against Defendant Skinner from the possible to the plausible. *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Darden will be given the opportunity to file an amended complaint to allege the factual basis for any claim against Defendant Skinner.

[6] Although it is unclear, Darden appears to have named the current, acting, and former SCIC Superintendents Lamas, Eason and Clark as Defendants in this case based solely on their supervisory positions at SCIC. These claims are not plausible. Darden has not asserted the elements to establish supervisory liability - personal involvement, knowledge of and acquiescence in a subordinate's unconstitutional conduct, or deliberate indifference to a policy, practice or custom which directly caused constitutional harm. *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). Without such factual allegations, any supervisory liability claim necessarily fails.

Darden's allegations as currently pled are insufficient to state constitutional claims. His deliberate indifference to medical needs claim and his possible excessive force claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because the Court cannot say at this time that Darden is incapable of curing the defects identified in these claims, he will be given an opportunity to reassert the claims in an attempt to cure the defects.

### B. State Law Claims

In several instances, the Complaint refers to medical neglect, medical malpractice, and gross negligence. (Compl. at 3-6.) Liberally construing the Complaint, the Court considers whether Darden intended to allege a state law claim for medical malpractice. However, because the Court has dismissed the federal constitutional claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Individuals are citizens of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the Plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72

8

(1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Darden does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that Darden and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. All state law claims are dismissed without prejudice for lack of subject matter jurisdiction.[7]

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Darden leave to proceed *in forma pauperis*, dismiss his federal claims without prejudice for failure to state a claim, and dismiss his state law claims for lack of jurisdiction. Cognizant of Darden's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in the amended

---

[7] To the extent that Darden wishes to pursue medical malpractice claims against any of the defendants, he should know that under Pennsylvania law, a plaintiff must allege: (1) the medical professional owed a duty to the patient; (2) the medical professional breached the duty; (3) the breach was the proximate cause of the harm suffered; and (4) the damages suffered were a direct result of the harm. *Brown v. Hahnemann Univ. Hosp.*, 20 F. Supp. 3d 538, 542 (E.D. Pa. 2014) (citing *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997). In addition, the Pennsylvania Rules of Civil Procedure require a medical malpractice plaintiff to file a "certificate of merit" with respect to each defendant against which he asserts professional malpractice claim. *See* Pa. R. Civ. P. 1042.3. The United States Court of Appeals for the Third Circuit has held that this rule constitutes state substantive law and therefore applies in federal court as well. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011); *Nayak v. C.G.A. Law Firm*, 620 F. App'x 90, 94 (3d Cir. 2015). If Darden pursues malpractice claims in an amended complaint, he must file certificates of merit within 60 days of filing the amended complaint or seek an extension within that 60-day timeframe. *See* Pa. R. Civ. P. 1042.3(d).

complaint the 'who, what, where, when and why' of [his] claim[s]." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)). Any amended complaint should clearly describe the factual basis for Darden's claims against the relevant defendant or defendants and how each defendant was involved in the alleged denial of his constitutional rights. Darden's Motions to Appoint Counsel and Note Testimony are denied without prejudice because they are premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**